MARION ADAMS, an Infant, by THOMAS F. ADAMS, her Guardian ad Litem, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — injury on a street railroad to a child two years and three months old, sent into the street in charge of a brother aged nine.*

In an action to recover damages for personal injuries, it appeared that the plaintiff, a girl two years and three months old, lived with her parents on a street upon which the defendant maintained a horse railroad; that about six o'clock in the evening on the day of the accident the plaintiff's mother sent the plaintiff upon the street in charge of her nine year-old brother; that the boy neglected to look after the plaintiff for a short time, during which time the plaintiff attempted to cross the car track; that when between the rails and

twenty feet in front of a rapidly approaching horse car, the plaintiff stumbled and fell, and that while she was getting to her feet the horse attached to the car struck her with his fore leg. There was evidence to the effect that the driver of the car was looking to one side and not to the front, and that for that reason he did not see the plaintiff until the horse had struck her; that he could stop the car within six or seven feet, and that he actually did stop it within that distance after the accident occurred.

*Held,* that a judgment in favor of the plaintiff should be sustained;

That the question whether the plaintiff's mother was guilty of negligence in confiding the care of the plaintiff to her nine-year-old brother was properly submitted to the jury.

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of October, 1900, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 30th day of October, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant.

*Herman Gottlieb,* for the respondent.

RUMSEY, J. :

The plaintiff is an infant who on the 17th of June, 1898, was two years and three months of age. She lived with her parents on Oliver street through which ran a line of the defendant's cars drawn by horses. About six o'clock in the evening of that day, the mother, who had charge of the children, sent her son, nine years old, to take the plaintiff out to the street and look after her. The boy took his sister downstairs and left her sitting on the steps, and then went to play with some other boys. He looked at her from time to time, but finally neglected her for a short time, during which she went out on the car track and was knocked down by the horse of a passing car and was seriously injured. All these facts are not disputed. The only disputed question is as to how she came to be under the horse's feet.

The plaintiff's testimony tended to show that the little girl attempted to cross the track, and while she was between the rails on

which the car was approaching, she stumbled and fell and that as she was getting to her feet the horse hit her with his foreleg and knocked her down. It appeared that when she fell the horse was about twenty feet from her. The evidence tended to show that the car was going rapidly, but at just what rate of speed does not appear. The plaintiff's witnesses testified that the driver of the car was not looking to the front but off to one side, and that for that reason he did not see the child on the track until the horse was upon her.

It appeared from the evidence of the driver that he could stop the car within six or seven feet, and he testified that he did actually stop it within that distance after the accident. The evidence of the defendant tended to show a different version of the accident, but it is not necessary to consider it because the jury might have found as they did that the plaintiff's story was true. Upon the facts testified to by the plaintiff's witnesses, there can be no doubt that the jury would have been justified in finding that the driver of the car was not paying attention to the track in front of him, and that if he had been doing so he could have seen the child in time to prevent the accident. This was sufficient to establish the negligence of the defendant.

The verdict was clearly not against the weight of the evidence, but there was quite sufficient to sustain it.

Upon the question of contributory negligence the verdict of the jury must be accepted as final. The child was not *sui juris,* and the only question to be considered by the jury was whether the mother in charge of it was guilty of negligence in permitting the nine-year-old boy to take care of the child upon the street. That question was properly submitted to the jury as was conceded by the defendant because no exception was taken to the charge. Upon the whole case we can see no reason for interfering with the decision of the court below, and the judgment and order must be affirmed, with costs.

O'BRIEN, INGRAHAM and HATCH, JJ., concurred; VAN BRUNT, P. J., dissented.

Judgment and order affirmed, with costs.